IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | : | |
| George Bradford Hunt, | : | |
| Walter W. Gauger, and | : | |
| Joseph Piacentile, et al., | : | |
| Plaintiffs | : | NO. 00-CV-737 |
| | : | |
| v. | : | |
| | : | |
| MERCK-MEDCO MANAGED CARE, LLC; | : | |
| MEDCO HEALTH SOLUTIONS, INC.; | : | |
| MERCK-MEDCO RX SERVICES OF | : | |
| FLORIDA, No. 2, LC, et al., | : | |
| Defendants | : | |

## **MEMORANDUM ORDER**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

AND NOW, this 15th day of August, 2005, after consideration of a Motion to Compel Complete Responses to Defendants' Contention Interrogatories filed by Defendants, Merck-Medco Managed Care, LLC, et al. ("Medco") (No. 374), the Response filed by Plaintiffs, the United States Government, et al. (collectively, "Plaintiffs") (No. 377), Medco's Reply (No. 380), and Plaintiffs' Sur-Reply (No. 384), it is hereby ORDERED that the Motion is DENIED, AS FOLLOWS:[1]

    1.    By Memorandum Order dated October 13, 2004, this Court denied Medco's motion to compel Plaintiffs to submit to a deposition pursuant to Rule 30(b)(6). In doing

---

[1] This matter is before me pursuant to the governing Case Management Order ("CMO") signed by the Honorable Clarence C. Newcomer, District Court Judge for the Eastern District of Pennsylvania.

so, this Court stated that "Medco Defendants may issue contention interrogatories relating to Topics 2, 3 and 6 through 19 at the close of fact discovery." Memorandum Order dated Oct. 13, 2004 at ¶ 8. On November 29, 2004, at the close of fact discovery, Medco served Plaintiffs with "Contention Interrogatories" consisting of the topics listed by Medco in its 30(b)96) deposition notice, re-stated verbatim and re-captioned "Contention Interrogatories." Plaintiffs filed Responses to the "Contention Interrogatories," as well as Supplemental Responses. See Responses and Supplemental Responses, attached to Medco's Motion at Exhibits "F" and "K."

2.  On July 5, 2005, Medco filed the instant motion, arguing that Plaintiffs' Responses and Supplemental Responses failed to provide "any meaningful recitation of the factual basis for their allegations." Motion at 1-2. Plaintiffs counter that Medco's "Contention Interrogatories" are not, in fact, contention interrogatories, and that Plaintiffs' answers to the interrogatories actually propounded are "complete, comprehensive, and fully responsive." See Response at 67; Sur-Reply at 5.

3.  Contention interrogatories materially differ from ordinary interrogatories:

> The term "contention interrogatories" refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.

McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996) (citing In re Convergent Technologies Securities Lit., 108 F.R.D. 328, 332-333 (N.D. Ca. 1985));

see also R. Braun Medical, Inc. V. Abbott Laboratories, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (defining contention discovery as, inter alia, that which asks a party to "state all the facts upon which it bases a contention"); Leotta v. Firestone Tire and Rubber, 1989 WL 51797, at *2-3 (E.D. Pa. May 12, 1989) (explaining "contention interrogatories" embrace questions asking whether a party makes some specified contention, or asking a party to state all the facts or evidence on which it bases some specified contention).

    4.    Based on the foregoing, and upon review of interrogatories at issue, the Court concludes that Medco's "Contention Interrogatories" are not, in fact, contention interrogatories. As an initial matter, the words "contention" or "contend" do not appear anywhere in the body of the interrogatories. More importantly, with the exception of Interrogatories 1 and 15, all of the interrogatories seek information that formed the basis for the allegations made in Plaintiffs' Complaint or Amended Complaint (the "Complaints"). Of the remaining interrogatories, No. 1 asks Plaintiffs to identify all contracts relevant to the Complaints, and No. 15 asks Plaintiffs to identify certain communications related to a specific paragraph of the Amended Complaint. See Contention Interrogatories, attached to Motion at Exhibit "E." Because Medco's "Contention Interrogatories" do not seek Plaintiffs' contentions, but rather the factual basis of Plaintiffs' allegations and/or the identification of documents that bear on the allegations, the Court finds that they do not constitute contention interrogatories.[2]

---

    [2]Medco accuses Plaintiffs of being disingenuous to the extent that Plaintiffs previously opposed Medco's 30(b)(6) motion on the grounds that the deposition topics noticed by Medco

5. In any event, the Court notes that Plaintiffs have provided Responses and Supplemental Responses to Medco's "Contention Interrogatories," and have represented to the Court that their responses, as supplemented, "constitute full, complete and non-evasive answers." See Response at 67; Sur-Reply at 1-7. Because the Court finds no evidence to the contrary, the Court further finds that Plaintiffs' responses to the interrogatories, as propounded, comply with Rules 33(b) and 37(a)(3) of the Federal Rules of Civil Procedure. Therefore, the Court declines to order Plaintiffs to provide further supplemental answers to Medco's "Contention Interrogatories."

6. For all of the aforementioned reasons, Medco's Motion to Compel Complete Responses to Defendants' Contention Interrogatories is denied.

---

constituted "classic contention interrogatories," but now argue that the deposition topics, re-labeled "Contention Interrogatories," do not constitute contention interrogatories. See Medco's Reply at 2, 7-8. As an initial matter, it is not the prior arguments of opposing counsel that bear on the issue before the Court, but rather the law and the Court's prior reasoning. By Memorandum Order dated October 13, 2004, this Court did not find Medco's 30(b)(6) deposition topics to be contention discovery; rather, the Court concluded that the information sought by way of a 30(b)(6) deposition could be obtained more effectively and more fairly *by way of* contention interrogatories. See Memorandum Order dated Oct. 13, 2004 at ¶ 4 ("[T]he Court finds that *the preferable mechanism for obtaining the information sought* in Topics 2, 3 and 6 through 19 of the Deposition Notice is by way of contention discovery") (emphasis added) and ¶ 8 ("Medco Defendants may issue contention interrogatories *relating to* Topics 2, 3 and 16 through 19 . . .") (emphasis added). In other words, although the Court authorized Medco to pursue specific 30(b)(6) deposition topics as contention interrogatories, it did not state or suggest that Medco could accomplish that task simply by re-labeling its 30(b)(6) deposition topics as "Contention Interrogatories."

It is so ordered.

                                        BY THE COURT:

                                        s/Peter B. Scuderi
                                        PETER B. SCUDERI
                                        UNITED STATES MAGISTRATE JUDGE